UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GAYL PAYTON** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 12-387** |
| | * | |
| **HARTFORD LIFE AND ACCIDENT INS. CO.** | * | **SECTION "L" (4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment. (R. Doc. 19). The Court notes that the Plaintiff is proceeding pro se. The Court has considered the parties' submissions and the applicable law and now issues this Order and Reasons.

## I. BACKGROUND

Plaintiff Gayl Payton previously filed a law suit that was assigned to this Section under caption *Gayl Payton v. Hartford*, Civil Action No. 10-1015 (the "previous law suit"). In the previous law suit, Payton challenged Hartford's decision to deny her claim for long-term disability benefits under a group long-term disability benefit policy issued by Hartford--the same LTD Policy at issue in this law suit. Payton asserted that she was disabled due to physical injuries sustained while working for the plan sponsor (DynCorp) in 1999 and further asserted that she was entitled to disability benefits based on mental health issues and diagnoses relating back to incidents allegedly occurring in 1999 and while she was actively employed with DynCorp. Hartford filed a Motion for Summary Judgment, which by consent of the parties was heard by Magistrate Judge Karen Wells Roby. Magistrate Judge Roby granted the Motion.

Magistrate Judge Roby found that Hartford's decision to deny Plaintiff's claim for long-term disability benefits was not arbitrary and capricious and was not an abuse of discretion.  In connection with her ruling, Magistrate Roby issued a twelve-page Order and Reasons.  Magistrate Judge Roby dismissed Payton's claims with prejudice and entered a final Judgment dated April 4, 2011.  Payton filed a Motion for Reconsideration which Magistrate Judge Roby denied.  Payton did not file an appeal with the United States Fifth Circuit Court of Appeals.

The instant matter appears to represent an attempt on the part of Plaintiff to supplement her claims from the original law suit with additional documentation.  *See* (R. Doc. 1).  Defendant moved for summary judgment based on *res judicata* on September 27, 2012.  (R. Doc. 19).  Plaintiff eventually filed an opposition on October 23, 2012.  (R. Doc. 21).

### III. LAW AND ANALYSIS

**A. Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A factual dispute is 'genuine' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."  *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).  "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).  "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation marks and citation omitted).

Accordingly, "district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all her evidence." *Id.* at 326.

**B. Res judicata**

The United States Court of Appeals for the Fifth Circuit has articulated a four-condition test, the *Nilsen* test, for use in determining whether a subsequent claim is barred by *res judicata*. *See Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 559 (5th Cir. 1983). An action is barred when: "1) the prior judgment was rendered by a court of competent jurisdiction, 2) the prior judgment was final on the merits, 3) the lawsuits involve the same cause of action, and 4) the parties are identical." *Slaughter v. AT & T Info. Sys., Inc.*, 905 F.2d 92, 93 (5th Cir. 1990) (citing *Nilsen*, 701 F.2d at 559).

Here, the jurisdiction of this Court and of the Magistrate Judge (to whose jurisdiction the parties consented in the original law suit, pursuant to 28 U.S.C.A. § 636(c)(1)) cannot be, and do not appear to be, a matter of dispute. There is also no apparent dispute that the Magistrate Judge's twelve-page Order and Reasons and subsequent dismissal with prejudice and entry of final judgment constitute a final judgment on the merits. Finally, there is no question that the parties to the two suits are identical.

The third prong appears to be the heart of the case, insofar as the Plaintiff asserts that the instant law suit "is in itself its own claim." *See* (R. Doc. 21). However, as Defendant points out, the instant suit concerns the same policy, the same alleged injuries and disabling condition, and the same time period. The Court therefore must find that the third prong is also satisfied and the doctrine of *res judicata* bars the instant suit. Furthermore, there being no genuine issue of

any material fact, summary judgment is appropriate in this case.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment. (R. Doc. 19) is hereby **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's case is hereby **DISMISSED** with prejudice and at Plaintiff's cost.

New Orleans, Louisiana, this 4th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE